CHARLEY STEPHENSON v. THE STATE.

No. 5210. Decided November 20, 1918.

**Local Option—Recognizance—Appeal Bond—Misdemeanor.**

Where, upon appeal from a conviction of a misdemeanor, appellant failed to enter into a recognizance during term time, but after adjournment of court filed an appeal bond, the appeal must be dismissed for want of jurisdiction.

Appeal from the County Court of Red River. Tried below before the Hon. R. J. Williams.

Appeal from a conviction of a violation of the local option law; penalty, a fine of twenty-five dollars and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

Appellant failed to enter into a recognizance during term time, but after adjournment of court he executed an appeal bond, which is found

in the record. Appeals in misdemeanors can not be consummated by executing an appeal bond. The statute requires it shall be a recognizance. Court adjourned on the 3rd of August, and an appeal bond was executed and filed on the 10th of August, seven days subsequent to adjournment. The Assistant Attorney General moves to dismiss the appeal because appellant entered into an appeal bond and not into a recognizance as required by law. We are of opinion this motion is well taken and should be sustained, and it is accordingly so ordered.

The appeal is dismissed.

*Dismissed.*